UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timmoy Ellis, # 10842-171, | ) C/A No. 4:08-0065-CMC-TER |
|                                 Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| United States of America, | ) |
|                                 Respondent. | ) |

_____

### *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2241 by a federal prisoner. In the petition, the petitioner challenges his two-point "gun enhancement" in his closed criminal case.

The petitioner is serving a sentence of one hundred eight (108) months for conspiracy to distribute narcotics entered in *United States v. Timmoy Ellis*, Cr. 3:04-131-CMC-2. The petitioner has one (1) prior Section 2255 action in the United States District Court for the District of South Carolina. In *Timmoy Ellis v. United States*, Civil Action No. 3:05-3108-CMC, the Honorable Cameron McGowan Currie, United States District Judge, granted the motion to vacate based on trial counsel's failure to file an appeal. Judge Currie re-entered the judgment on August 21, 2006. On the subsequent appeal, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. *United States v. Ellis*, 2007 U.S.App. LEXIS® 25528, 2007 WESTLAW® 3230731 (4th Cir., Nov. 1, 2007).

1

The petitioner is confined at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. The website of the Federal Bureau of Prisons (www.bop.gov) indicates that the Pine Prairie Correctional Center is a contract facility that houses federal inmates for the Federal Bureau of Prisons. The Pine Prairie Correctional Center houses both federal and state inmates pursuant to contracts. Information on the Alabama Department of Corrections website (www.doc.al.us.archivenews.asp?year=2006) indicates that the Pine Prairie Correctional Center is a "97,000 sq. ft. facility located on 12 acres, owned and operated by LCS Corrections Services, Inc., with a capacity for 690 adult inmates." (Alabama Department of Corrections news release dated March 17, 2006, which noted that nine Alabama inmates would be transferred there). The Pine Prairie Correctional Center is located in the *Western* District of Louisiana. *Bickham v. Copes*, 2006 U.S.Dist. LEXIS® 55812, 2006 WESTLAW® 2119653 (E.D. La., July 25, 2006) ("Pine Prairie Correctional Center is located in Pine Prairie, Louisiana, in Evangeline Parish, which is within the territory of the United States District Court for the Western District of Louisiana. Title 28 U.S.C. § 98(c).").

A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir.), *cert. denied*, 543 U.S. 809 (2004); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973); *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979); and *Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981).

In *Norris v. Georgia*, the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana. The lower court in

2

*Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana. *Norris v. Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973). In reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" *Norris v. Georgia*, 522 F.2d at 1009 n. 2.

Under the holding in *Norris v. State of Georgia*, the Warden of the Pine Prairie Correctional Center cannot be reached by service of process issued by the United States District Court for the District of South Carolina. *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976). Moreover, the Warden of the Pine Prairie Correctional Center cannot be served by mail from the District of South Carolina. *Norris v. State of Georgia*, 522 F.2d at 1009 n. 2. Since the Pine Prairie Correctional Center is located in the Western District of Louisiana, *see* 28 U.S.C. § 98(c), the above-captioned case should be transferred to the United States District Court for the Western District of Louisiana, *unless* the District Court, in its discretion, determines that the above-captioned case should be treated as a Section 2255 action.[*]

---

[*] The United States Court of Appeals for the Fourth Circuit has recently cautioned district courts with respect to the re-characterization of pleadings as Section 2255 actions. *United States v. Blackstock*, ___ F.3d ___, 2008 U.S.App. LEXIS® 357, 2008 WESTLAW® 81278 (Jan. 9, 2008), which superannuates *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). Even so, in light of the holding of the Court of Appeals in *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007), the District Court, in its discretion, may wish to consider whether the above-captioned case should be treated as a Section 2255 action.

3

### *Recommendation*

It is recommended that the above-captioned habeas corpus action be transferred to the United States District Court for the Western District of Louisiana pursuant to the holding in *Rumsfeld v. Padilla*, 542 U.S. at 434-35. The petitioner's attention is directed to the Notice on the next page.

February 22, 2008  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).