IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timmoy Ellis, #10842-171, | ) | C/A NO. 4:08-65-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed on a form indicating it is a petition filed in this court pursuant to 28 U.S.C. § 2241.

    In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On February 22, 2008, the Magistrate Judge issued a Report recommending that this petition be transferred to the Western District of Louisiana. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed a document indicating his consent to this transfer.

    The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The court declines to adopt the Report of the Magistrate Judge. This petition is clearly a motion for relief under 28 U.S.C. § 2255. Petitioner contends, *inter alia*, that it was ineffective assistance of counsel to not argue that the enhancement he received relating to his possession of a weapon was in error. *See* Petition at 3 (Dkt. #1, filed Jan. 10, 2008). This has absolutely nothing to do with the execution of his sentence, but rather with the lawfulness of the sentence itself, which is relief clearly covered under § 2255. There are circumstances where a § 2255 motion may be inadequate or ineffective to test the legality of a conviction or sentence, but Petitioner has presented no argument which might avail him of this saving clause of § 2241.[1]

This court hereby notifies Petitioner that it intends to construe the matter presented as a § 2255 motion. Petitioner may either withdraw his complaint or this court will proceed with it so construed. Petitioner has previously filed a § 2255 motion in this court. *See Ellis v. United States*, D.S.C. Civil Action No. 3:05-3108-CMC. Therefore, Petitioner's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of this § 2255

---

[1] A § 2255 motion "is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

motion in the district court will be fatal to the outcome of any action taken on the motion by this court, as this court is without jurisdiction to entertain a second or successive motion without authorization from the court of appeals.[2]

By **Friday, March 28, 2008**, Petitioner may either withdraw the complaint as it is currently presented or this court will dismiss it. Petitioner may, of course, petition the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion, and, if such leave is granted, re-file his motion in this court. The Clerk shall return the $5.00 filing fee paid by Petitioner on February 4, 2008.

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 5, 2008

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\08-65 Ellis v. USA e decline adopt rr to dism as successive 2255.wpd

---

[2]The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Petitioner has not done.